IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOYOTA TSUSHO AMERICA, INC. | § § § | |
| *vs*. | § § | C.A. NO. H – 15 – 3745  ADMIRALTY |
| M/V ORIENTAL SAGA, *her tackle, apparel, furniture, equipment, etc., et al.* | § § § | |

### *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Toyota Tsusho America, Inc. files this Original Complaint against Defendants, the M/V ORIENTAL SAGA, *in rem*, and Oriental Ocean Shipping International Limited ("Oriental"), China Sailing International Shipping Agency Ltd. ("China Sailing") and AllTrans Port Services, Inc. ("AllTrans"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York corporation with its principal place of business in Georgetown, Kentucky.

3. On information and belief and at all times material, the M/V ORIENTAL SAGA was an ocean going vessel, registered in Panama, bearing International Maritime Organization (IMO) No. 9075747, weighing approximately 38,567 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. On information and belief and at all times material, Oriental owned, chartered, managed and/or operated the M/V ORIENTAL SAGA as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai, People's Republic of China and Houston. On information and belief, Oriental is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Oriental is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Oriental may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Oriental has sufficient national minimum contacts with the United States as a whole. The exercise of personal

jurisdiction over Oriental is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Oriental with a summons is effective to establish personal jurisdiction over it.  Oriental can be served by serving the Texas Secretary of State.  Process or notice can be sent to Oriental at its home office in care of Guangzhou Seaway International Ship Management Co., Ltd., Room 1205, 303, Gangqian Lu, Huangpu Qu, Guangzhou, Guangdong, 510700, People's Republic of China.

    5.    On information and belief and at all times material, China Sailing chartered, managed and/or operated the M/V ORIENTAL SAGA as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston.  On information and belief, China Sailing is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, China Sailing is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although China Sailing may not be subject to the jurisdiction of the

courts of general jurisdiction of Texas or any other state, on information and belief, Plaintiff's action arises under federal law and China Sailing has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over China Sailing is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving China Sailing with a summons is effective to establish personal jurisdiction over it. China Sailing can be served by serving the Texas Secretary of State. Process or notice can be sent to China Sailing at its home office, 2f, Shanghai Bund International Tower No. 99, Huangpu Road, Shanghai, 200080 People's Republic of China.

6. On information and belief and at all times material, AllTrans was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston, handling and storing maritime cargos, and/or carrying maritime cargos over the road in interstate and/or intrastate commerce in, to and from places in Texas. AllTrans can be served by its registered agent, Donna V. Rains, 2317 North Lago Vista, Pearland, Texas 77581.

7. On or about August 31, 2014, Plaintiff's shipper tendered in good order and condition to Oriental and China Sailing at Shanghai a cargo of stainless steel seamless pipe. Oriental and China Sailing agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Oriental and China Sailing acknowledged receipt of the cargo in good order and condition, and accordingly

therewith, issued at Shanghai one or more bills of lading, including Bill of Lading No. DGIA1401OSSH35, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V ORIENTAL SAGA.

8. On or about January 3, 2015, the M/V ORIENTAL SAGA arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged. The loss proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

9. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V ORIENTAL SAGA.

10. Alternatively, Oriental and China Sailing tendered the cargo in good order and condition to AllTrans at the Port of Houston, and AllTrans promised safely to receive, load, stow, secure, carry, unload and deliver the cargo to Plaintiff or its consignee at Houston in the same good order and condition as when received, in consideration of paid freight charges. AllTrans acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various receipts, bills of lading and/or other shipping memoranda free of exceptions or other notations for shortage, damage or other loss.

11. When AllTrans later tendered the cargo to Plaintiff or its consignee, the cargo no longer was in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged.  The loss proximately resulted from AllTrans' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee and/or common carrier of goods by road for hire.

12. Plaintiff proximately has sustained damages exceeding $167,179.69 plus interest dating from August 31, 2014.

13. At all times material, Plaintiff owned the cargo and brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Toyota Tsusho America, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V ORIENTAL SAGA, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V ORIENTAL SAGA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V ORIENTAL SAGA, *in rem*, and Oriental Ocean Shipping International Limited, China Sailing International

Shipping Agency Ltd. and AllTrans Port Services, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By _____
        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        5535 Memorial Drive, Suite F570
        Houston, Texas 77007
        Telephone:    (713) 864–2221
        Facsimile:    (713) 864–2228
        Email:    macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS FOR PLAINTIFF